MEMORANDUM **
Sean Wright appeals from the district court’s denial of his pretrial habeas petition on Younger abstention grounds. Wright claims that the five-year delay between the time when he was charged with sexual abuse of a minor and his arrest violates his Sixth Amendment right to a speedy trial. We have jurisdiction under 28 U.S.C. §§ 2241(c)(3) and 1291, and we affirm.
1. Because Wright asks us to order the state of Alaska to dismiss the charges against him, and because the state appellate courts have not yet had the opportunity to examine the merits of Wright’s constitutional claims, Younger v. Harris mandates that we abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. See 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Wright failed to demonstrate any “ ‘special circumstances’ ” warranting federal intervention. See Carden v. Montana, 626 F.2d 82, 83 (9th Cir.1980) (quoting Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)).
Wright has not demonstrated irreparable injury by the simple fact that he must wait to assert his speedy trial claim on direct appeal in the event he is convicted. See id. at 84. “[UJnlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial.” Id.; see also United States v. MacDonald, 435 U.S. 850, 861, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (noting that the Speedy Trial Clause does not “encompass a ‘right not to be tried’ which must be upheld prior to trial if it is to be enjoyed at all”). Though courts may consider a lengthy delay between indictment and arrest as presumptively prejudicial on post-conviction habeas review, Doggett v. United States, 505 U.S. 647, 656-57, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), such a delay alone does not give rise to a constitutionally invalid trial which would warrant federal intervention, see MacDonald, 435 U.S. at 861, 98 S.Ct. 1547 (“It is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial.... [The loss of the right to a speedy trial], by definition, occurs before trial. Proceeding with the trial does not cause or compound the deprivation already *498 suffered.”); see also Doggett, 505 U.S. at 656, 112 S.Ct. 2686 (clarifying that “presumptive prejudice cannot alone carry a Sixth Amendment claim”).
Wright’s asserted inability to obtain bail pending post-conviction review fails because the length of typical state appellate proceedings does not justify federal intervention. See Edelbacher v. Calderon, 160 F.3d 582, 587 (9th Cir.1998). Wright also argues that due to the nature of the charges- — sexual abuse of a minor — testimonial evidence will be especially important to the government’s case, he will be abused in prison, and a conviction will result in enduring social stigma. We, however, decline to fashion a broad exception to the Younger rule based upon the nature of the charged offense.
2. McNeely v. Blanas, 336 F.3d 822 (9th Cir.2003), does not mandate a contrary result. There, we granted pretrial habeas relief on speedy trial grounds to a state prisoner who was actually detained in custody for five years without a preliminary hearing or trial. Id. at 824. Pretrial habeas relief on speedy trial grounds is appropriate when a state prisoner requests the federal courts to order the state court to afford the petitioner a trial, Braden, 410 U.S. at 485-86, 93 S.Ct. 1123, but no case “permit[s] the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court,” see id. at 493, 93 S.Ct. 1123, as Wright seeks to do here. As in Carden, by denying relief to Wright now, “we are neither rejecting the merits of the ... Sixth Amendment claim nor totally denying ... a federal forum to assert it.” See 626 F.2d at 85. We hold only that “federal interference with the state proceeding [i]s premature.” See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.